IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | | |
|---|---|---|
| DONNA J. CUNNINGHAM, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. 05-0706-CV-W-GAF-SSA |
| | ) | |
| JO ANNE B. BARNHART, | ) | |
| Commissioner of Social Security, | ) | |
| | ) | |
| Defendant. | ) | |

## ORDER

Plaintiff filed an application for disability benefits under Title II of the Social Security Act (the Act), 42 U.S.C. §§ 401, *et seq*, on July 1, 1999. The claim was denied initially and on reconsideration. On March 6, 2001, following a hearing, an administrative law judge (ALJ) found that plaintiff was not under a "disability" as defined in the Act. On July 13, 2001, the Appeals Council of the Social Security Administration denied plaintiff's request for review.

On appeal, this Court remanded the case to the Appeals Council for further proceedings on March 31, 2003. On April 24, 2003, the Appeals Council vacated the Commissioner's decision and remanded the case to an ALJ. On October 12, 2004, following a supplemental hearing, the ALJ again found that plaintiff was not disabled. Thus, this second decision of the ALJ stands as the final decision of the Commissioner.

The standard of appellate review of the Commissioner's decision is limited to a determination of whether the decision is supported by substantial evidence on the record as a whole. *See Johnson v. Chater*, 108 F.3d 178, 179 (8th Cir. 1997). Substantial evidence is relevant evidence that a

reasonable mind would accept as adequate to support the Commissioner's conclusion. *See Craig v. Apfel*, 212 F.3d 433, 435 (8th Cir. 2000). This Court has held that if, after reviewing the record, it is possible to draw two inconsistent positions from the evidence and one of those positions represents the Commissioner's findings, the Commissioner's decision must be affirmed. *See Young v. Apfel*, 221 F.3d 1065, 1068 (8th Cir. 2000)(citing *Roth v. Shalala*, 45 F.3d 279, 282 (8th Cir. 1995)).

The Commissioner's regulations governing determinations of disability set forth a five-step sequential evaluation process which the Commissioner must use in assessing disability claims. *See* 20 C.F.R. § 404.1520 (2005). A claimant has the burden of proving disability by establishing a physical or mental impairment which will persist for at least twelve consecutive months and prevents the claimant from engaging in substantial gainful activity. *See Fisher v. Shalala*, 41 F.3d 1261, 1262 (8th Cir. 1994); *Wiseman v. Sullivan*, 905 F.2d 1153, 1155 (8th Cir. 1990). If a claimant establishes that she is not able to return to her past relevant work, the burden of proof shifts to the Commissioner to show that the claimant can perform work existing in significant numbers in the national economy. *See* 20 C.F.R. § 404.1520 (2005). The Commissioner may meet this burden by relying on the medical-vocational guidelines or vocational expert testimony.[1]

In this case, the ALJ determined that plaintiff had insulin-dependent diabetes mellitus with fair to good control of blood sugar levels, with some residual peripheral neuropathy in her feet and lower legs, and diabetic retinopathy with very good visual acuity; a history of stress urinary incontinence improved with medication; mild degenerative disc disease in the lumbar spine without any impingement on any

---

[1] Upon review of the record and applicable authority herein, the defendant's position is found to be controlling. Much of defendant's brief is adopted without quotation noted.

nerves or other neurological impairment whatsoever stemming therefrom; and weight disproportionate to her height, which were severe impairments. However, plaintiff did not have an impairment or combination of impairments that either met or equaled those listed in 20 C.F.R. Part 404, Subpart P, Appendix 1, Listing of Impairments. The ALJ determined that plaintiff had the residual functional capacity (RFC) to perform a range of sedentary work where she can sit for six or eight hours a day, but could only stand on an occasional basis for a total of no more than two hours on and off throughout the eight-hour day. She was able to lift a maximum of 10 pounds on an occasional basis, and 5 pounds frequently. She was unable to perform a job that required more than little walking and she was seldom able to twist, bend, climb, kneel, or stoop. In addition, she should avoid foot pedals with vibration.

Based upon a hypothetical question that included plaintiff's limitations, which the ALJ found credible, a vocational expert testified that plaintiff would be able to perform her past relevant work as a telephone solicitor, as the job is generally performed in the national economy. The vocational expert also testified that plaintiff would be able to perform other work in the national economy, such as a surveillance systems monitor, cashier, and information clerk. The ALJ, therefore, found that plaintiff was not disabled.

Plaintiff argues that the ALJ did not properly consider her subjective complaints. The duty of deciding questions of fact, however, including the credibility of a plaintiff's subjective testimony, rests with the Commissioner. *See Nelson v. Sullivan*, 966 F.2d 363, 366 (8th Cir. 1992); *Benskin v. Bowen*, 830 F.2d 878, 882( 8th Cir. 1987). The crucial question is not whether the claimant experiences pain but whether the claimant's credible subjective complaints prevent her from performing any type of work. *See McGinnis v. Chater*, 74 F.3d 873, 874 (8th Cir. 1996); *Pickner v. Sullivan*,

985 F.2d 401, 404 (8th Cir. 1993). If an ALJ explicitly discredits the plaintiff's testimony and gives good reasons for doing so, the court will normally defer to the ALJ's credibility determination. *See Russell v. Sullivan*, 950 F.2d 542, 545 (8th Cir. 1991) (citing *Dixon v. Sullivan*, 905 F.2d 237, 238 (8th Cir. 1990)).

In this case, the ALJ specifically found that plaintiff's allegations were only partially credible. The ALJ's consideration of the subjective aspects of plaintiff's complaints comported with the regulations at 20 C.F.R. § 404.1529 (2005), and the framework set forth in *Polaski v. Heckler*, 739 F.2d 1320 (8th Cir. 1984). If the ALJ finds inconsistencies between the claimant's subjective complaints and the objective evidence in the record, she may discount such complaints. *Polaski*, 739 F.2d at 1322. *See also Rankin v. Apfel*, 195 F.3d 427, 429 (8th Cir. 1999).

Plaintiff alleged disability due to complications from her diabetes. As the ALJ noted, however, the objective medical evidence did not support her allegations. Plaintiff's treating neurologist found that plaintiff's cranial nerves were normal and her reflexes were symmetric and depressed bilaterally in January 2001. The physician noted that in the past plaintiff's MRIs, MRA, and Doppler tests had all been normal. In January 2003, shortly after plaintiff's Title II insurability expired, her neurologist noted that plaintiff was doing quite well. She had not had any symptoms and her neuropathic symptoms were noted to be well-controlled. He stated that he did not need to see her for a year. In addition, the ALJ noted that plaintiff's feet were found to be in good repair in March 2002. By June 2002, plaintiff's diabetes was considered well-controlled. Again, in October 2002, plaintiff's diabetes was noted as well-controlled, with the exception of some late afternoon hyperglycemia.

Plaintiff lists multiple medical notations where her physical problems were discussed. The issue, however, is not whether the claimant actually experiences the subjective complaints alleged, but whether those symptoms are credible to the extent that they prevent her from performing substantial gainful activity. *See Baker v. Apfel*, 159 F.3d 1140, 1145 (8th Cir. 1998); *Black v. Apfel*, 143 F.3d 383, 386 (8th Cir. 1998); *Woolf v. Shalala*, 3 F.3d 1210, 1213 (8th Cir. 1993). In her determination of plaintiff's RFC, the ALJ accounted for all of the limitations noted by medical providers and the limitations plaintiff claimed to the extent that those limitations were found credible. Some examples of credible limitations that plaintiff claimed and the ALJ considered were: "an increased risk of developing diabetic foot ulcerations or sores with extensive walking, lifting, or carrying"; "decreased gait in the right lower extremity secondary to neuropathy"; that her "tibial pulses were diminished"; "she could stand for only 20 minutes before developing increased pain and parasthesias in her feet"; that she "could lift/carry only minimal weights for short distances"; "prolonged repetitive activities and stair-climbing increased lower extremity pain and parasthesias"; and that her "ability to stand and walk was severely limited by pain caused by neuropathy." These complaints, some substantiated within the medical record, and some taken from plaintiff's allegations, are all accounted for within the ALJ's determination of plaintiff's RFC. The ALJ considered the limitations found credible and supported by the record.

Plaintiff also claims that her visual problems prevent her from working. But plaintiff admitted that her visual acuity is good enough to obtain a driver's license. And the ALJ noted that plaintiff's treatment records from October 1997 through September 2002 were inconsistent with plaintiff's allegations of disabling blurred vision.

5

In addition, plaintiff argues that the ALJ erred in discounting her allegations of disabling fatigue and urinary incontinence. The ALJ noted, however, the numerous physicians have directed plaintiff to lose weight through diet and exercise. Yet, the record showed that plaintiff who had weighted 128 pounds in January 1998 weighted 205 pounds at the time of the hearing. The ALJ properly concluded that plaintiff had not been compliant with her recommended diet or exercise program. Plaintiff argues that the ALJ should not have relied upon her failure to lose weight, yet the conclusion that plaintiff failed to comply with diet and weight loss recommendations is noteworthy for two reasons. First, plaintiff's noncompliance can be considered as detracting from her credibility. *See Holley v. Massanari*, 253 F.3d 1088, 1092 (8th Cir. 2001). Secondly, in addressing plaintiff's allegations of disabling fatigue, the fact that plaintiff's physicians repeatedly advised her to exercise as part of a plan to lose weight is inconsistent with plaintiff's allegations that fatigue forced her to lie down for 75 to 80 percent of each day. Moreover, Dr. Khan, who testified at plaintiff's first administrative hearing, found no basis for plaintiff's allegations of severe fatigue. With regard to plaintiff's alleged urinary incontinence, as the ALJ noted, the record established that it was improved with medication. Plaintiff faults the ALJ for relying upon the testimony of the medical expert from the first administrative hearing. This testimony, however, is part of the record before the ALJ, and the ALJ was entitled to consider it in reaching her conclusions.

As the ALJ also noted, it is significant that no physician who examined plaintiff has imposed significant activity limitations on plaintiff. *See Young v. Apfel*, 221 F.3d 1065, 1069 (8th Cir. 2000) (citing *Brown v. Chater*, 87 F.3d 963, 964-65 (8th Cir. 1996) (lack of significant restrictions imposed by treating physicians supported the ALJ's decision of no disability)).

6

The ALJ also noted that plaintiff had a poor work record. She noted that plaintiff had only worked 8 of the 15 years prior to her alleged date of onset with very low earnings. The Eighth Circuit has noted that "a lack of work history may indicate a lack of motivation to work rather than a lack of ability." *Pearsall v. Massanari*, 274 F.3d 1211, 1218 (8th Cir. 2001) *citing Woolf v. Shalala*, 3 F.3d 1210, 1214 (8th Cir. 1993) (claimant's credibility is lessened by a poor work history). Plaintiff's earning record did not bolster her credibility.

The Commissioner may discount subjective complaints where there are inconsistencies in the evidence as a whole. *See Kisling v. Chater*, 105 F.3d 1255, 1257 (8th Cir. 1997). Plaintiff argues that the ALJ failed to explicitly evaluate her subjective complaints in light of *Polaski*. As the Eighth Circuit has explained, however, the ALJ need not explicitly discuss each *Polaski* factor. *See Eichelberger v. Barnhart*, 390 F.3d 584, 590 (8th Cir. 2004); *Strongson v. Barnhart*, 361 F.3d 1066, 1072 (8th Cir. 2004). Contrary to plaintiff's assertion, the ALJ did not pick through the medical evidence to highlight only those records that are less than favorable to her. A review of the ALJ's decision demonstrates that she reviewed all of the evidence before her, in accordance with the Court's Order. The ALJ articulated the inconsistencies on which she relied in discrediting plaintiff's testimony regarding her subjective complaints, and her credibility finding is supported by substantial evidence on the record as a whole.

Based on all of the record, the ALJ found that plaintiff's credible limitations limited her to a range of sedentary work where she was able to sit for six or eight hours a day, but could only stand on an occasional basis for a total of no more than two hours on and off throughout the eight-hour day. She was able to lift a maximum of 10 pounds on an occasional basis, and 5 pounds frequently. She

7

was unable to perform a job that required more than a little walking, and she was seldom able to twist, bend, climb, kneel, or stoop. In addition, she should avoid foot pedals with vibration. Based upon a hypothetical question that included these limitations, the vocational expert testified that plaintiff would be able to perform her past relevant work as a telephone solicitor, as the job is generally performed in the national economy. The vocational expert also testified that plaintiff would be able to perform other work in the national economy, such as a surveillance systems monitor, cashier, and information clerk.

Plaintiff argues that the hypothetical question the ALJ posed to the vocational expert was flawed, specifically because it did not include her alleged fatigue, vision problems, or urinary incontinence. As discussed above, however, the ALJ properly considered these allegations and found that they were not credible. Although the hypothetical question must set forth with reasonable precision the claimant's impairments, *Starr v. Sullivan*, 981 F.2d 1006, 1008 (8th Cir. 1992), it need only include those impairments and limitations found credible by the ALJ. *See Pertuis v. Apfel*, 152 F.3d 1006, 1007 (8th Cir. 1998); *Long v. Chater*, 108 F.3d 185, 188 (8th Cir. 1997).

The vocational expert's testimony in response to the ALJ's hypothetical question is substantial evidence supporting the ALJ's conclusion that there are a significant number of jobs in the economy which plaintiff can perform. *See Weiler v. Apfel*, 179 F.3d 1107, 1111 (8th Cir. 1999). Because the hypothetical question included those impairments which the ALJ found credible, and excluded only the impairments which were discredited for a legally sufficient reason, the ALJ was justified in concluding that plaintiff could perform the jobs identified by the vocational expert. *See Miller v. Shalala*, 8 F.3d 611, 613-14 (8th Cir. 1993).

8

WHEREFORE, for the reasons stated herein, the Commissioner's decision is affirmed.

                                               /s/ Gary A. Fenner
                                               GARY A. FENNER, JUDGE
                                                United States District Court

DATED:    March 8, 2006